UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWIN BANKS,

                        Plaintiff,

-against-

JOHN DOE #1, et al.,

                        Defendants.

24-CV-0369 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

       By order dated August 6, 2024, the Court directed Plaintiff to file an amended complaint within sixty days. That order specified that failure to comply would result in dismissal of the complaint. On September 13, 2024, Plaintiff filed a notice of an interlocutory appeal.[1] He also filed three letters requesting copies of his complaint. (*See* ECF 10, 12, 13.) By order dated October 25, 2024, the Court directed the Clerk's Office to mail Plaintiff a copy of his complaint.

       Plaintiff has not filed an amended complaint. Accordingly, the complaint, filed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a)(1), is dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] The Court retains jurisdiction of this action, despite Plaintiff's filing of his notice of appeal. Normally, "[t]he filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "The divestiture of jurisdiction rule is, however, not a per se rule. It is a judicially crafted rule rooted in the interest of judicial economy, designed 'to avoid confusion or waste of time resulting from having the same issues before two courts at the same time.'" *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (quoting *United States v. Salerno*, 868 F.2d 524, 540 (2d Cir. 1989)). For example, the rule "does not apply where an appeal is frivolous[,] [n]or does it apply to untimely or otherwise defective appeals." *China Nat. Chartering Corp. v. Pactrans Air & Sea, Inc.*, 882 F. Supp. 2d 579, 595 (S.D.N.Y. 2012) (citation omitted). Plaintiff appeals from this Court's order to amend, which is not a final order. *Slayton v. Am. Exp. Co.*, 460 F.3d 215, 224 (2d Cir. 2006) ("A dismissal with leave to amend is a non-final order and not appealable."). Because Plaintiff is attempting to appeal from a nonfinal order that has not been certified for interlocutory appeal, the notice of appeal is "premature" and a "nullity." *See, e.g., Rodgers*, 101 F.3d at 252 (holding that notice of appeal from a nonfinal order did not divest the district court of jurisdiction).

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   January 3, 2025
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge